## Miller's Appeal.

1. When a man dies, leaving children and real estate, and his eldest son enters into possession of the estate, and holds or rents it, the law presumes that he is managing for the benefit of the family, and not for his own exclusive advantage.

2. Before an eldest son, who has entered into possession of his deceased father's real estate, can set up the statute of limitations against his brothers and sisters, he must rebut the legal presumption that he is holding it for the benefit of the family by very express proof that he is holding in hostility to them.

APPEAL from the decree of the District Court of *Philadelphia*.

[Price *v.* McCallister.]

*Andrew Miller*, for plaintiff in error.

The opinion of the court was delivered February 1st, 1859, by

Woodward, J.—When a man dies, leaving children and real estate, and his eldest son enters into possession of the real estate, and holds it or rents it, the law presumes he is managing for the benefit of the family, and not for his own exclusive advantage. And before he can be permitted to set up the statute of limitations against his brothers and sisters, he must rebut this legal presumption by very express proof that he is holding in hostility to them.

There was not sufficient proof of that nature in this case. The deed of Sage and wife to Marshall B. Atkinson did not vest in him the estate in the land, but in the ground rent, which was an incorporeal hereditament entirely distinct from the estate of which his father, Wm. B. Atkinson, died seized in the land. The actual occupancy of Marshall, whether by himself or tenant, was in trust for the heirs of his father. There is not a shadow of ground on which to vest a title in Marshall by virtue of the statute of limitations.

Nor is the claim that his father did not die seized any better founded. Time having extinguished the indebtedness which the assignment in trust was intended to secure, the estate revested in Wm. B. Atkinson as fully as it was in him before the assignment was made, and when he died the law cast it upon his heirs.

We think the auditor was right on all the points, and that his conclusions are well supported by the reasons he gave for them.

The decree is affirmed.